UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM McCUSKER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ARS NATIONAL SERVICES, INC.,<br><br>　　　　　Defendant. | 4:14-CV-04156-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS |

　　　　Plaintiff, William McCusker, filed suit against defendant, ARS National Services, Inc., alleging violations of the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. § 1692 *et seq.* Docket 1. ARS filed a motion to dismiss under Federal Rule 12(b)(6). Docket 10. After the court granted an extension of the deadline to respond to the motion to dismiss, McCusker filed a motion for leave to amend his complaint in order to clarify facts and modify the grounds upon which he seeks relief. Docket 14. ARS opposes McKusker's motion. For the following reasons, McKusker's motion for leave to amend his complaint is granted and ARS's motion to dismiss is denied.

## STANDARD OF REVIEW

### A.　Motion to Dismiss Complaint

　　　　Under Federal Rule 12(b)(6), a court must review whether the complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must provide a short, plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Furthermore, the complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this analysis, the court assumes that all facts asserted in the complaint are true and construes all reasonable inferences from those facts in a light most favorable to the complainant. *Rochling v. Dep't of Veterans Affairs,* 725 F.3d 927, 930 (8th Cir. 2013). A well-pleaded complaint should survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 555-56 (internal quotations omitted).

    **B.    Motion to Amend Complaint**

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) dictates that "[t]he court should freely give leave [to amend a complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may deny the motion due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment . . . [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

The court "notes that it is common practice for a party to seek leave to amend in response to a motion to dismiss."[1] *Ireland v. Anderson*, 2014 WL 3732014, at *2 (D.N.D. July 25, 2014) (citing *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 869 (W.D.Mo. May 14, 2012)). In fact, the Eighth Circuit Court of Appeals has stated that a "motion to amend a complaint may moot a pending motion to dismiss." *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002); *see also Janis v. Nelson*, 2009 WL 4505933 (D.S.D. Nov. 24, 2009) (holding that the motion to dismiss was rendered moot after plaintiff filed amended complaint). Here, ARS argues that the court should deny McCusker's motion for leave to amend his complaint because the proposed complaint is both futile and sought to accomplish dilatory motives. Therefore, with the understanding that courts should freely grant motions for leave to amend a complaint, the court's inquiry is limited to whether ARS has

---

[1] Federal Rule 15(a)(1)(B) provides that a party may amend its pleading once as a matter of right within 21 days of service of a motion under Rule 12(b). As a preliminary matter, the court acknowledges that it granted McCusker's motion for an extension of the deadline to respond to ARS' motion to dismiss. Both parties have tangentially addressed the impact of this extension on the viability of McCusker's motion for leave to amend his complaint. Regardless of whether McCusker's motion falls under Rule 15(a)(1)(B) or under Rule 15(a)(2), the court's analysis regarding the viability of the proposed-amended complaint revolves around whether it can survive a motion to dismiss. For purposes of this analysis, the court will review this matter in accordance with Rule 15(a)(2) because the motion for leave to amend falls outside the 21-day period articulated in Rule 15(a)(1)(B).

met its burden of establishing that McKusker's motion is either futile or sought to accomplish dilatory motives.

## I. The proposed-amended complaint is not futile.

"A proposed amendment is futile if it could not withstand a motion to dismiss for failure to state a claim." *Jameson*, 871 F. Supp. 2d. at 867. When a court reviews a motion to dismiss under Rule 12(b)(6), two working principles underlie the decision. First, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. This tenet also applies to "a legal conclusion couched as a factual allegation." *Id.* Second, when determining whether the remaining factual allegations state a plausible claim for relief, a court should rely upon its "judicial experience and common sense." *Id.* at 679. These principles create a two-pronged approach for reviewing a complaint in response to a motion to dismiss: (1) the court must discard from consideration any allegation that constitutes a legal conclusion; and (2) the court must determine whether the remaining factual allegations state a plausible claim for relief.

### A. Factual Allegations in the Complaint.

After discarding legal conclusions[2] from consideration and viewing the facts alleged in the proposed-amended complaint in a light most favorable to the nonmoving party, McCusker, the facts are as follows:

---

[2] McKusker's proposed-amended complaint, as well as his brief filed in support of granting leave to amend the complaint, states that Citibank waived its right to charge interest on the debt because it did not charge interest over a certain period of time. The court finds that this allegation constitutes a legal conclusion and must be disregarded in the analysis of whether the factual

McCusker is a resident of Sioux Falls, South Dakota. ARS is a company engaged in debt collection in South Dakota. In November 2009, McCusker had previously utilized a credit card issued by CitiBank, N.A., and had accrued an outstanding balance of $27,843.77. In connection with the outstanding debt, ARS sent McCusker a letter on November 2, 2013, seeking to collect payment on the debt. Docket 1-1. ARS's November 2013 letter to McCusker stated that the debt balance was $28,208.37. In July 2014, Citibank's records indicate that the debt balance remained $27,843.77. It is Citibank's general business practice to terminate the accrual of interest on an account balance after it has charged-off the debt as a means of reducing "bad debt" on its books.

### B.   The FDCPA.

McCusker seeks to recover damages from ARS under three sections of the FDCPA: Count I alleges a violation of 15 U.S.C. § 1692e(2)(A), Count II alleges a violation of 15 U.S.C. § 1692f(1), and Count III alleges a violation of 15 U.S.C. § 1692e(10).

15 U.S.C. § 1692e precludes the use of false or deceptive collection practices. In part, it states the following:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>   (2) The false representation of –
>       (A) the character, amount, or legal status of any debt[.]

---

allegations contained in the proposed-amended complaint satisfy the plausibility standard. As such, the court will also disregard the argument stemming from that allegation.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[.]"

15 U.S.C. §§ 1692e(2)(A); e(10). "When considering whether a communication is false, deceptive, or misleading, we consider the perspective of an 'unsophisticated consumer.'" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). This unsophisticated-consumer standard provides protection for consumers with below-average intelligence and establishes an objective standard of reasonableness in the analysis. *Id.* In short, § 1692e is intended to provide consumers a remedy for false representations made by a debt collector. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577-79 (2010).

To a similar end, 15 U.S.C. § 1692f precludes the use of unfair or unconscionable collection practices. In part, it provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

15 U.S.C. § 1692f(1). The Eighth Circuit Court of Appeals has strictly applied the plain language of this statute. *See Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000) (holding that a slight miscalculation of interest by the debt collector that amounted to less than a dollar constituted an attempt to collect an amount not permitted by law).

6

### C. The proposed-amended complaint states plausible claims for relief.

Generally, ARS asserts that the complaint is deficient, and therefore futile, because the factual allegations contained in the complaint "do not raise Plaintiff's right to relief above a speculative level." Docket 18 at 6. Additionally, ARS argues that there are many potential reasons why the debt balance that ARS cited in its November 2013 letter was higher than the balance in Citibank's records in 2014: namely, "Plaintiff's Debt [sic] balance could have changed due to the imposition of, among other things, fees, costs or the accrual of state statutory interest." *Id.*

In response, McCusker offers two main arguments. First, McKusker asserts that ARS's argument relating to speculation runs contrary to the standard of review applicable to a motion to dismiss. Specifically, McCusker argues that a court must accept the facts alleged in a complaint as true. Second, McCusker argues that his complaint alleges sufficient factual information by citing the allegations detailing how ARS utilized an inaccurate figure in its letter seeking payment on the debt. According to McKusker, the allegations relating to ARS's use of an inaccurate figure establish that ARS violated the "false representation" language of § 1692e and the "expressly authorized by the agreement creating the debt or permitted by law" language in § 1692f.

The court agrees with McCusker's representations regarding the standard of review as well as the sufficiency of the complaint. The court must accept all facts alleged in the complaint as true, and it must construe those

facts in a light most favorable to McKusker. *Rochling*, 725 F.3d at 930. Therefore, ARS's argument relating to speculation does not provide a basis for rendering the proposed-amended complaint futile. As to the substance of the complaint, precedent establishes that a plaintiff may recover damages for a debt collector's seemingly minor miscalculation or misrepresentation regarding the amount of debt sought in its collection efforts. *See Jerman*, 559 U.S. at 577-79 (2010); *Duffy*, 215 F.3d at 875. McKusker's complaint alleges that ARS sought to collect an inaccurate figure that was higher than the amount actually owed to Citibank. Even though McKusker could have expanded upon this section of the complaint, when viewing the facts in a light most favorable to McKusker, the court finds that he has alleged sufficient factual allegations to establish a plausible claim under 15 U.S.C. §§ 1692e(2)(A); e(10); and f(1). Thus, the court finds that McKusker's proposed-amended complaint is not futile.

### II. Potential delays do not provide adequate grounds for denying McKusker's motion.

"Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing the amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); *see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052 (8th Cir. 2005) (describing a situation where a court's denial of leave to amend was appropriate because the plaintiff was already twice granted leave to amend and discovery was well underway). "The burden of proof of prejudice is on the party opposing the amendment." *Roberson*, 241 F.3d at 992.

Here, ARS cites no credible basis in which it would suffer prejudice if the court grants McKusker's motion. ARS merely asserts that McKusker filed the motion at the last minute and failed to obtain ARS's consent before filing the motion. Consequently, the court finds that ARS has not met its burden to establish that it would suffer prejudice as a result of granting McKusker's motion. At this early stage of litigation, it is appropriate for a party to seek leave to amend his complaint. As such, any alleged undue delay does not provide a basis for denying McKusker's motion.

## CONCLUSION

McKusker's proposed-amended complaint satisfies the plausibility standard for the three claims asserted under the FDCPA. Additionally, ARS has not met its burden of demonstrating that it will suffer prejudice as a result of granting McKusker's motion. Accordingly, it is

ORDERED that McCusker's motion for leave to amend his complaint (Docket 14) is GRANTED.

IT IS FURTHER ORDERED that ARS's motion to dismiss the complaint (Docket 10) is DENIED.

Dated January 12, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE